### GIFFORD v. KING ET AL.

1. **Landlord and Tenant:** LEASE: NOTICE TO QUIT. Facts considered under which it was held that the entry by defendants into possession of a house owned by the plaintiff was not by stealth, but as tenants under the unexpired lease of a former tenant, which entitled them to notice to quit as tenants holding over after the expiration of the lease.

2. ———: ———. Evidence considered and held insufficient to establish a contract of lease. BECK, J., *dissenting*.

### *Appeal from Des Moines Circuit Court.*

### THURSDAY; OCTOBER 7.

ACTION of forcible entry and detainer. The petition alleges that defendants entered into possession of the property involved in the suit by stealth, and wrongfully detain the same. The answer denies the allegations of the petition and as defenses to the action alleges: 1. That defendants are tenants of plaintiff. 2. That defendants are the assignors of one Florida, who rented the premises of plaintiff, and as such entered thereon, and have continued to possess the same and no notice to quit has been served upon defendants. There was a judgment before the justice for plaintiff, and upon appeal a like judgment was entered in the Circuit Court upon a trial without a jury. Defendants appeal.

*Poor & Millspaugh*, for appellants.

No appearance for appellee.

DAY, J.—I. The facts found by the Circuit Court, and the conclusions of law thereon, are as follows:

" The plaintiff, a resident of Quincy, Illinois, was, at and before the commencement of this suit, viz., on the 20th day of March, 1878, the owner of a dwelling-house, described as No. 521, on Main street, in the city of Burlington, Iowa, and prior to the eighth day of said month said dwelling was in

possession of one Florida, a tenant of plaintiff, whose term expired March 13, 1878.

" On the said 8th of March Florida moved out of the house, and while engaged in removing his goods the defendants, King and McMullen, offered to rent the house of him and were referred to the plaintiff, at Quincy.

" The defendant King then went to the railroad telegraph office, in Burlington, and remained there while the following correspondence took place by telegraph.

" The telegraph operator, E. G. Squires, who sent and received the messages, and whose name is signed to some of them, was a mutual friend of the parties, well known to both, but possessed no authority to act for either except as the dispatches indicate. The first dispatch from King to Gifford was as follows:

" No. I.

" BURLINGTON, March 8, '78—9:45 A. M.

"E. A. GIFFORD, Quincy—Florida moves out of your house to day. Mr. McMullen wants it, and will move in to-day if O. K. Answer quick. J. M. KING.

" No. II—ANSWER.

" QUINCY, March 8, '78.

" J. M. KING—I will be in Burlington in a few days; if parties are responsible will then rent it.

E. A. GIFFORD.

" Reported 10:50 A. M., March 15.

" No. III.

" BURLINGTON, March 8, '78—11:04 A. M.

"E. A. GIFFORD, Quincy—Mr. McMullen must have a house to-day. I will be responsible for him. Answer.

J. M. KING.

## "No. IV—Answer.

"Quincy, March 8, '78.

"J. M. King—You and McMullen are both strangers to me; don't know as either is responsible. Can't give possession on an uncertainty. Gifford.

## "No. V.

"Burlington, March 8, '78—2:45 p. m.

"Gifford, Quincy—Have you any other answer for Mr. King? He is the King that used to belong to the B. & M. land office here, and made his home with Rock Haven. He says he would like to get the house for a month, and if you are not suited will then make other arrangements. I can vouch for Mr. King. E. G. Squires.

## "No. VI—Answer.

"Quincy, March 8, '78.

"E. G. Squires—I can't rent it for a month. If Mr. King will sign a lease for a year he can have it, but I have no control of it until the 13th inst. Gifford.

"On receipt of dispatch No. 6, from Gifford to Squires, by direction of King the following message was sent to Florida, who had meantime gone to Lomax, Illinois:

## "No. VII.

"Burlington, March 8, 1878.

"H. Florida, Lomax, Illinois—Can King and McMullen have the Gifford house for your unexpired time? E. G. Squires.

"To which Florida replied as follows, viz:

## "No. VIII—Answer.

"Lomax, March 8, '78.

"E. G. Squires—I have no objection if Gifford is willing. H. Florida.

"Upon receipt of the last dispatch King procured the key of the house from Mrs. Florida, and upon the same day, to-wit: March 8, the defendants, without plaintiff's knowledge, took possession of the house and moved in their furniture. At 8:35 A. M. of the next day, Squires received a dispatch from Gifford saying that he would not rent the house, but as defendants had already moved in the message was not shown to them, and Squires replied by mail to Gifford stating all the facts.

"King was at all times ready and willing to sign a lease of the house for a year, but he was not requested to sign such a lease before the commencement of this suit, nor was any written notice to quit served upon defendants at any time prior to the commencement of this action, but that he was verbally requested by plaintiff to give up the possession before suit was brought.

"The court further found that defendants did not notify plaintiff of their acceptance of his proposition contained in telegram No. 6, and that plaintiff withdrew the proposition, as above set forth, after defendants had a reasonable time to accept it.

"The court held, as a matter of law, that plaintiff having withdrawn his proposition, as above stated, defendant had no right to enter upon and take possession of said premises, and that as his entry was made without the knowledge or consent of plaintiff, that such entry was an entry by stealth within the meaning of the statute, and rendered judgment for plaintiff, to all of which findings and judgment defendants excepted at the time."

We are required to determine whether the facts found support the decision of the court below.

II. We are clearly of the opinion that defendant did not enter the premises by stealth. He was certainly author-

1. LANDLORD and tenant: lease: notice to quit.

ized to believe that he had the assent of both Gifford and Florida to move into the house. Now, he may have been mistaken in the belief,

yet his possession was not taken by stealth. He supposed he had a contract for a lease of the property, and acting thereon he entered the property. Let it be conceded that by his failure to accept Gifford's proposition by telegram or letter no contract was consummated. His entry was not by stealth. It is simply the case of a man failing to do a formal act necessary to bind the parties with whom he was dealing, and acting in ignorance of his duties and rights. Intention determines the character of the acts of men. There was no intention to enter by stealth, and the law will presume none. Florida assented to the defendant entering on the premises as tenant for the unexpired time if Gifford was willing. Gifford did express his assent, if defendants would execute a lease for a year after the unexpired term, at the same time protesting that he had no control over the house until Florida's term expired. Could Florida have ejected defendants before the expiration of his term? Surely not. Defendants then were tenants of the unexpired term. If they had no contract with Gifford they were tenants holding over after the expiration of the lease, and this action could not have been sustained without a notice to quit. Code, § 3614.

III. The next inquiry is this: Was there a contract between Gifford and the defendants for the premises? Defendants made application by telegram to Gifford on the 8th of March to rent the house for a month, the possession to be taken on that day. Gifford refused to rent for a month, but said if Mr. King would sign a lease for a year he could have the house, at the same time saying that he had no control of it until the 13th of March. This language can be construed only as a refusal to lease for a shorter period than a year, and as a proposition to enter into a written lease for the period of one year from the 13th of March. Before the period fixed by Gifford for the commencement of the term, to-wit: on the 8th of March, the defendants procured the keys from Mrs. Florida and went into possession under Florida's unexpired term without plaintiff's knowledge. The

moving into and taking possession of the house was not an acceptance of plaintiff's proposition to rent for a year if King would sign a written lease, for two reasons. *First.* Possession was not taken under the proposition, but under permission given by Florida to occupy for his unexpired term. *Second.* Possession was taken five days before the term for a year could begin under plaintiff's proposition. The defendants did not signify to plaintiff their acceptance of his proposition.

On the 9th day of March, and four days before the plaintiff could have taken possession under plaintiff's offer to lease, by telegram to Squires, he withdrew the proposition, and refused to rent at all.

Under these circumstances it cannot be said that there was a contract between the plaintiff and defendants for the premises. For the error before considered the judgment is

Reversed.

Beck, J., *dissenting.*—I cannot concur in the last point of the foregoing opinion. I think the evidence establishes a contract between the parties for a lease of the house. As I understand the testimony, there was a proposition by the plaintiff to rent to defendant for one year, which he accepted before the proposition was withdrawn, and under this contract he moved into the house. As I differ from my brothers upon a question of fact only, I do not feel called on to discuss the evidence in order to support my position.